MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN  (State Bar No. 189268)
T. KENNEDY HELM (State Bar No. 282319)
MAYA SORENSEN   (State Bar No. 250722)
HADDAD & SHERWIN LLP
505 Seventeenth Street
Oakland, California  94612
Telephone: (510) 452-5500
Facsimile:   (510) 452-5510

Attorneys for Plaintiff
STANISLAV PETROV

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANISLAV PETROV, individually, | No: |
| Plaintiff, | Hon. |
| vs. | |
| ALAMEDA COUNTY, a public entity; SHERIFF GREGORY J. AHERN; ACSO DEPUTIES PAUL WIEBER, LUIS SANTAMARIA, SHAWN OSBORNE, MALIZIA, MILLER, SHELTON, GRIFFITH, SERGEANT TAYLOR, and DOES 1-10, Jointly and Severally, | **COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, by and through his attorneys, HADDAD & SHERWIN LLP, for his Complaint against Defendants, states as follows:

## JURISDICTION AND INTRADISTRICT ASSIGNMENT

1.     This is a civil rights action arising from Defendants' use of excessive force, theft of property, and obstruction of justice against Plaintiff STANISLAV PETROV ("Plaintiff"), on or about November 12, 2015, in the City and County of San Francisco, California.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide claims arising under state law.

2.      A substantial part of the events and/or omissions complained of herein occurred in the City and County of San Francisco, California, and this action is properly assigned to the San Francisco or Oakland Divisions of the United States District Court for the Northern District of California, pursuant to Civil Local Rule 3-2(e).

## PARTIES AND PROCEDURE

3.     Plaintiff STANISLAV PETROV is a resident of the State of California.

4.     Defendant ALAMEDA COUNTY is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the ALAMEDA COUNTY SHERIFF'S OFFICE ("ACSO") which employs other defendants in this action.

5.     Defendant SHERIFF GREGORY J. AHERN at all material times was the sheriff of ALAMEDA COUNTY, the highest supervisor of the ACSO on behalf of the County, and was acting within the course and scope of that employment/agency for ALAMEDA COUNTY.  In that

capacity, Defendant AHERN was a policy making officer for the ACSO and ALAMEDA COUNTY.

6.     Defendant ACSO DEPUTY PAUL WIEBER ("WIEBER"), at all material times was employed as a law enforcement officer by the ACSO, and was acting within the course and scope of that employment.

7.     Defendant ACSO DEPUTY LUIS SANTAMARIA ("SANTAMARIA"), at all material times was employed as a law enforcement officer by the ACSO, and was acting within the course and scope of that employment.

8.     Defendant ACSO DEPUTY SHAWN OSBORNE ("OSBORNE"), at all material times was employed as a law enforcement officer by the ACSO, and was acting within the course and scope of that employment.

9.     Defendant ACSO DEPUTY MALIZIA ("MALIZIA"), badge No. 1942, at all material times was employed as a law enforcement officer by the ACSO, and was acting within the course and scope of that employment.

10.     Defendant ACSO DEPUTY MILLER ("MILLER"), badge No. 2095, at all material times was employed as a law enforcement officer by the ACSO, and was acting within the course and scope of that employment.

11.     Defendant ACSO DEPUTY SHELTON ("SHELTON"), badge No. 1667, at all material times was employed as a law enforcement officer by the ACSO, and was acting within the course and scope of that employment.

12.     Defendant ACSO DEPUTY GRIFFITH ("GRIFFITH"), badge No. 1454, at all material times was employed as a law enforcement officer by the ACSO, and was acting within the course and scope of that employment.

13.     Defendant ACSO SERGEANT TAYLOR ("TAYLOR"), badge No. 1509, at all material times was employed as a law enforcement officer by the ACSO, and was acting within the course and scope of that employment.

14.     On information and belief, Defendant ALAMEDA COUNTY has in its custody and/or control substantial investigative documentation concerning this incident, including Defendants' original reports that were replaced by materially different reports, video recordings of the incident including from Defendant WIEBER's inadvertently activated body camera, audio recordings and dispatch logs, photographs, recorded interviews, physical evidence, and other substantial records concerning the incident and investigation of it and Defendants.  On information and belief, Defendant ACSO refuses to publicly release such information, including to Plaintiff and his representatives.  Plaintiff reserves the right to amend this complaint with further facts and to substitute individuals for Doe Defendants after receiving Defendants' reports and records in this matter.

15.     The true names and capacities of other Defendants sued as DOE 1-10 ("DOE DEFENDANTS") are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained.  Each DOE DEFENDANT was an employee of ALAMEDA COUNTY and/or the ACSO, and at the time of these events was acting as an agent of ALAMEDA COUNTY and the ACSO, and at all material times acted within the course and scope of that relationship.  Plaintiff is informed and believes and thereon alleges that each of the DOE DEFENDANTS sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to PLAINTIFF.  Further, one or more DOE DEFENDANTS was at all material times

responsible for the hiring, training, supervision, and discipline of other defendants, including other DOE DEFENDANTS.

16.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.  Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

17.     At all material times, each Defendant was jointly engaged in tortious activity, and an integral participant with fundamental involvement in the conduct described herein including the use of excessive force, property theft, obstruction of justice, and cover up against the Plaintiff, and each Defendant's conduct set in motion and resulted in the deprivation of Plaintiff's constitutional rights and other harm.

18.     At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California and ALAMEDA COUNTY.

19.     The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of Defendant ALAMEDA COUNTY.

20.     Plaintiff brings these claims as a Private Attorney General, to vindicate and enforce not only his own rights but others' civil rights of great importance.

21.     Plaintiff timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq., and this action is timely filed within all applicable statutes of limitation.

22.     This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d).

## **GENERAL ALLEGATIONS**

23.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

24.     On or about November 12, 2015, at approximately 1:30 a.m., in the City of Castro Valley, Alameda County, Defendant Deputy OSBORNE and ACSO Deputy T. Sterling (#2088) seized and attempted to detain Plaintiff Stanislav Petrov based on an Automated License Plate Reader (ALPR) hit that the car in which Plaintiff was parked may be stolen.  On information and belief, the car occupied by Plaintiff was a rental car that had not been timely returned to the rental car company at the end of the rental.   On information and belief, Defendant OSBORNE and Deputy Sterling seized and attempted to detain Plaintiff by using their own patrol cars to block the car Plaintiff was inside from leaving a parking lot.  Plaintiff drove away, and Defendant OSBORNE initiated a vehicle pursuit of Plaintiff's car.  On information and belief, other Defendants joined the pursuit, including but not limited to Defendants WIEBER, SANTAMARIA, MALIZIA, MILLER, SHELTON, GRIFFITH, SERGEANT TAYLOR, and DOES 1-10.

25.     Defendants did not know Plaintiff's identity.  On information and belief, Defendants mistakenly believed that Plaintiff Stanislav Petrov was Hispanic, because that incorrect information about Plaintiff's race was broadcast over Defendants' radios.  The vehicle pursuit continued over the Bay Bridge into San Francisco, where Plaintiff stopped his car in an alley in the vicinity of 1441 Stevenson Street, got out, and surrendered to Defendants SANTAMARIA and WIEBER.

26.     Plaintiff raised his hands in surrender, and Defendant WIEBER tackled Plaintiff to the cement and punched Plaintiff repeatedly around his head and neck area.  Then, as Plaintiff lay prone on the ground, with his hands out ready to be handcuffed, without warning, Defendants

SANTAMARIA and WIEBER began to viciously beat Plaintiff with steel batons on his head, neck, back, hands, and elsewhere on his body.  Plaintiff never resisted, never tried to flee after he had surrendered, and never posed any immediate threat to anyone.  Plaintiff was not armed with any weapon.  Plaintiff had completely surrendered, and Defendants brutally beat him with batons without legal cause or purpose.

27.     After many seconds of beating, other Defendants OSBORNE, MALIZIA, MILLER, SHELTON, GRIFFITH, SERGEANT TAYLOR, and DOES 1-10 arrived as the obviously unjustified beating continued.  Defendant MILLER also struck Plaintiff at least one time with his baton.  One or more additional Defendants joined in unjustified uses of force, and all Defendants failed to intervene to stop and report other Defendants' use of excessive force, unlawful actions, and violations of Plaintiff's rights.  Defendants WIEBER, SANTAMARIA, OSBORNE, MALIZIA, MILLER, SHELTON, GRIFFITH, SERGEANT TAYLOR, and DOES 1-10 all were integral participants in unlawful uses of force, either directly and/or each was present, observed, assisted and permitted violations of Plaintiff's rights, and each Defendant failed to intervene, protect Plaintiff, and report known violations of Plaintiff's rights by other Defendants.

28.     After this unlawful baton beating, Defendants, acting as integral participants, painfully locked Plaintiff's crushed hands in handcuffs.  While Plaintiff lay in the alley with multiple comminuted fractures in both hands, suffering from a concussion and bleeding from multiple head lacerations, Defendants stood around and exchanged "high fives."  Plaintiff was moaning in agony, and pleading with Defendants: "I need help … Please … Oh God … Somebody, please help me."  Defendant SHELTON needlessly placed his foot on Plaintiff's head and/or neck, cruelly pushing Plaintiff's head into the pavement for minutes.

29.     On information and belief, at least two Defendants took a trophy photo of Plaintiff, using a cell phone and a flashlight, while Plaintiff lay bleeding on the ground and the other

Defendants stood around and watched.  On information and belief, the ACSO has an unconstitutional custom and practice of permitting deputies to take trophy photos of individuals whom they have severely beaten and injured.  An example of this custom and practice occurred in the ALAMEDA COUNTY Santa Rita Jail on or about August 16, 2010, when after approximately ten deputies participated in beating and using unjustified force against medically compromised inmate Martin Harrison, Deputy Matthew Ahlf took a trophy photo of Mr. Harrison who lay almost dead on the floor, wearing a spit mask.  ACSO investigating supervisors and policy-making officers knew of that trophy photo of Mr. Harrison and with deliberate indifference to the rights and safety of Mr. Harrison and the public, affirmatively chose not to investigate that photo or Deputy Ahlf's bragging to supervisors that he got a "great photo" of Mr. Harrison "with the spit mask on."  *See, M.H. v. Alameda County, et al.*, No. 3:11-cv-02868-JST (Doc. 317, pp. 20-21).

30.     When emergency medical technicians were present, Defendants lifted Plaintiff Petrov into a wheelchair that had been covered with a white sheet, on information and belief due to Plaintiff's profuse bleeding.  Plaintiff was moaning in pain with his crushed hands in handcuffs behind him, and Defendants forcefully pushed Plaintiff back into the wheel chair against his hands, sadistically causing Plaintiff further excruciating pain and suffering.

31.     One or more Defendant ACSO deputies, including on information and belief, Defendant OSBORNE, stole from Plaintiff a valuable gold chain with a cross medallion that he was wearing, and money.  On information and belief, this gold chain appears in the trophy photo taken of Mr. Petrov, described above, and on surveillance video where Defendant OSBORNE can be seen holding and swinging this chain; however the chain was never booked into evidence.  On information and belief, one or more Defendants, including Defendant OSBORNE, gave this gold chain and some of Plaintiff's money to individuals whom Defendants noticed watching them at the scene, asking those witnesses something to the effect, "Did you like the show?"  These Defendants

gave Plaintiff's property to witnesses to buy their silence to Defendants' civil rights violations just witnessed.  On information and belief, Defendants, including Defendant OSBORNE, obstructed justice, and interfered with Plaintiff's right to petition the government through the courts for redress of civil rights violations, by their bribes and attempts to silence witnesses to their unlawful conduct.

32.     Although all Defendants were issued personal body cameras, on information and belief, at the time of this incident the ACSO permitted deputies to choose whether or not to activate their department issued cameras during uses of force and other critical incidents.  No Defendant intentionally activated his body camera during the seizure and beating of Plaintiff in the alley.  On information and belief, Defendant WIEBER's body camera was accidentally activated during his severe beating of Plaintiff, however, Plaintiff and his counsel have not seen that video.

33.     Much of this incident and Defendants' unlawful conduct was captured on a private surveillance camera in that alley, and the San Francisco Public Defender's Office posted that video footage on YouTube on or about November 13, 2015.  (*See*, https://www.youtube.com/watch?v=irh3JUch7Hg ).  That video immediately received extensive media coverage.

34.     On information and belief, On November 12, 2015, Defendants WIEBER AND SANTAMARIA wrote and filed reports about their uses of force against Plaintiff.  After the surveillance video of their beating of Mr. Petrov was publicly released, a currently unidentified ACSO supervisor and DOE Defendant ordered Defendants WIEBER and SANTAMARIA to destroy their original reports, and to write and file new reports with materially different facts. Defendants WIEBER and SANTAMARIA complied with that official ACSO order, destroyed their original reports, and filed materially different incident reports dated November 16, at times 18:42:03 and 18:49:06, respectively, after they knew that their unlawful conduct had been video recorded and released to the public.  When a San Francisco Chronicle reporter confronted

Defendant AHERN with WIEBER and SANTAMARIA'S destruction and revision of their original reports after they viewed the surveillance video and met with their representatives, SHERIFF AHERN said that that practice was "very common" in the ACSO. ("Deputies revised reports in SF beating prompt lawyer's questions," *San Francisco Chronicle*, March 31, 2016). On information and belief, Defendants, including WIEBER, SANTAMARIA, and other Defendants and ACSO officers, authored and filed materially false police reports and conspired with other Defendants and ACSO officers to cover up their misconduct and unlawful actions in this matter. All Defendants participated in a code of silence concerning the unlawful conduct of fellow law enforcement officers. Through their code of silence, theft and destruction of evidence and reports, attempts to influence and silence witnesses, and concerted efforts to cover up violations of Plaintiff's rights, Defendants WIEBER, SANTAMARIA, OSBORNE, MALIZIA, MILLER, SHELTON, GRIFFITH, SERGEANT TAYLOR, and DOES 1-10 have obstructed justice and interfered with Plaintiff's constitutional right to petition the government through the courts for redress of civil rights violations.

35.     Plaintiff Petrov was taken from the scene by ambulance to San Francisco General Hospital, where he was an in-patient for approximately 12 days, and underwent extensive surgery on both hands. Injuries that Defendants caused to Plaintiff include: blunt force injuries (contusions, abrasions, avulsions), multiple, bilateral, comminuted and crushing fractures of his hands and fingers requiring surgery, head trauma with concussion and multiple lacerations to his scalp.

36.     Despite the ACSO's recommendation to the District Attorney (in the ACSO's official report written by Defendant Osborne) that Plaintiff be charged with 12 separate crimes, the District Attorney declined to charge Plaintiff with any crime in connection with this incident. Defendants WIEBER and SANTAMARIA have been charged with multiple felony crimes in

connection with their uses of force against Plaintiff in this incident, including assault under color of authority, assault with a deadly weapon, and aggravated battery with serious bodily injury.

37.     Acting as integral participants, each with fundamental involvement in the violations of Plaintiff's rights described herein, Defendants WIEBER, SANTAMARIA, OSBORNE, MALIZIA, MILLER, SHELTON, GRIFFITH, SERGEANT TAYLOR, and DOES 1-10 used, and unlawfully permitted the use of, an extremely high level of force against Plaintiff, without warning, including multiple uses of deadly force by striking Plaintiff in the head with steel batons, causing very severe and permanent injuries.  Plaintiff had surrendered and did not pose an immediate threat to anyone to justify the high level of injurious force used against him.  Defendants subjected Plaintiff to the use of excessive force in the absence of any immediate threat, in the absence of any objectively reasonable information that Plaintiff had committed a serious crime, and in the absence of any unlawful resistance by Plaintiff.  Plaintiff never possessed or displayed any weapon.  There was no need to use any more than the most minimal force against Plaintiff under these circumstances.   Defendants also stole Plaintiff's property and obstructed justice without due process of law.

38.     The totality of force used and unlawfully permitted by Defendants WIEBER, SANTAMARIA, OSBORNE, MALIZIA, MILLER, SHELTON, GRIFFITH, SERGEANT TAYLOR, and DOES 1-10 against Plaintiff was unnecessary, unjustified and objectively unreasonable under the circumstances.

39.     Alternatively, or concurrently, Defendants' own excessive and unreasonable actions created the situation in which Defendants WIEBER, SANTAMARIA, OSBORNE, MALIZIA, MILLER, SHELTON, GRIFFITH, SERGEANT TAYLOR, and DOES 1-10 decided to unlawfully seize and use force against Plaintiff, and caused an escalation of events leading to the unlawful seizure and use of force against, and injury to, Plaintiff.

40.     At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

41.     Plaintiff required medical treatment for his injuries Defendants caused, including inpatient hospitalization and surgeries, and Plaintiff has incurred medical bills.

42.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

a.     Significant physical injuries requiring hospitalization and medical treatment, including but not limited to: blunt force injuries (contusions, abrasions, avulsions), multiple, bilateral, comminuted and crushing fractures of his hands and fingers requiring surgery, head trauma with concussion and multiple lacerations to his scalp. and permanent disability and disfigurement.

b.     Violation of constitutional rights, including subjection to unlawful excessive force, theft of property, and obstruction of justice;

c.     Theft of property;

d.     Lost earnings and earning capacity;

e.     Medical expenses;

f.     Pain and suffering and emotional distress;

g.     All damages, costs, and attorney's fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, California Civil Code §§ 52 and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

**COUNT ONE**
**-- 42 U.S.C. §1983 --**
**PLAINTIFF AGAINST DEFENDANTS WIEBER, SANTAMARIA, OSBORNE, MALIZIA, MILLER, SHELTON, GRIFFITH, SERGEANT TAYLOR, and DOES 1-10**

43.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

44.     By the actions and omissions described above, Defendants violated 42 U.S.C. §1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourth, Fifth, and Fourteenth Amendments to U.S. Constitution:

    a.  The right to be free from excessive and unreasonable force in the course of a seizure as secured by the Fourth Amendment to the U.S. Constitution; and

    b.  The right to be free from deprivation of property without due process of law, and the right to be free from unlawful government taking of private property without just compensation, as secured by the Fifth and Fourteenth Amendments to the U.S. Constitution.

45.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and the public would be violated by their acts and/or omissions.

46.     Defendants' acts and/or omissions as set forth herein were the moving force behind, and proximately caused, injuries and damages to Plaintiff as set forth at ¶ 42, above.

47.     Defendants' conduct entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. §1983 and California law.

48.     Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. §1988 and applicable California codes and laws.

**COUNT TWO**
**- 42 U.S.C. §1983 (*Monell* and Supervisory Liability)–**
**PLAINTIFF AGAINST DEFENDANTS ALAMEDA COUNTY, SHERIFF AHERN,**
**AND DOES 1-10**

49.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

50.     On information and belief, the unconstitutional actions and/or omissions of Defendants were pursuant to the following customs, policies, practices, and/or procedures of the ACSO and/or ALAMEDA COUNTY, which were directed, encouraged, allowed, and/or ratified by DEFENDANT SHERIFF AHERN, DOE DEFENDANTS, and other policy making officers for the ACSO and ALAMEDA COUNTY:

a.     To use or tolerate the use of excessive and/or unjustified force, including permitting and training officers (i) to use deadly force when faced with less than an immediate threat of death or serious bodily injury, (ii) to use substantial or deadly force prematurely, or as a 'first resort,' or when facing a potential threat; (iii) to use substantial or deadly force without giving a proper warning when one would be feasible; (iv) to permit or encourage a culture where deputies celebrate their use of severe injury-causing force with "high fives," trophy photos, and unnecessary infliction of further pain and degradation to their victims, the subjects of their force;

b.     To permit or tolerate law enforcement actions (including unnecessary uses of force and use of unnecessarily harsh and aggressive tactics) in retaliation for individuals' flight, and in retaliation for individuals' exercise of protected rights, including self-defense;

c.     To cover-up violations of constitutional rights by any or all of the following:

i.     by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, and unlawful seizures;

ii.     by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

iii.     by allowing, tolerating, and/or encouraging police officers to: fail to activate official cameras and recording devices before and during law enforcement actions, including seizures of persons and uses of force; fail to file complete and accurate police reports; file false police reports; destroy records, evidence and reports; substantively copy other officers' reports; make false statements; intimidate, bribe, bias and/or "coach"

witnesses to give false information, cover up violations of rights and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

d.   To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

e.   To fail to institute, require, and enforce necessary, appropriate and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and practices and procedures described in this Complaint and in sub-paragraphs (a) through (d), with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs; and

f.   To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.

51.   Defendants ALAMEDA COUNTY, AHERN, and DOES 1-10, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

52.   The unconstitutional actions and/or omissions of Defendants, as described above, were approved, tolerated and/or ratified by Defendant AHERN and other policy-making officers for the ACSO.  Plaintiff is informed and believes, and thereupon alleges, that the details of this incident have been revealed to the authorized policy makers within ALAMEDA COUNTY, and Plaintiff is further informed and believes, and thereupon alleges, that such policy makers have direct knowledge of the facts of this incident.  Notwithstanding this knowledge, the authorized policy makers within ALAMEDA COUNTY, have approved of the conduct of Defendants, and have made a deliberate choice to endorse the decisions of those defendant officers and the basis for those decisions.  By doing so, the authorized policy makers of ALAMEDA COUNTY have shown

affirmative agreement with each individual Defendant officer's actions, and have ratified the unconstitutional acts of the individual Defendant officers.

53.     The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants ALAMEDA COUNTY, AHERN, and DOES 1-10 were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly established and well-settled constitutional rights in violation of 42 U.S.C. §1983, as more fully set forth in ¶ 44, above.

54.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

55.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants as described above, Plaintiff sustained serious injuries and is entitled to damages, penalties, costs and attorney fees as set forth in ¶¶ 46-48, above, including punitive damages against DEFENDANT AHERN and DOES 1-10, in their individual capacities. Plaintiff does not seek punitive damages against Defendant ALAMEDA COUNTY.

**COUNT THREE**
**-- VIOLATION OF CIVIL CODE §52.1 --**
**PLAINTIFF AGAINST ALL DEFENDANTS**

56.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

57.     By their acts, omissions, customs, and policies, and acting in concert and as integral participants as described above, all Defendants interfered with, attempted to interfere with, violated, and set in motion the violation of, Plaintiff's rights under California Civil Code §52.1, and the

following clearly-established rights under the United States Constitution and the California

Constitution and law:

    a. The right to be free from excessive and unreasonable force in the course of a seizure as secured by the Fourth Amendment to the U.S. Constitution;

    b. The right to free from deprivation of property without due process of law, and the right to be free from unlawful government taking of private property without just compensation, as secured by the Fifth, and Fourteenth Amendments to the U.S. Constitution, and as secured by Cal. Const. Art. 1, sections 7 and 28;

    c. The right to petition the government for redress of civil rights violations through the courts and otherwise, and the right to be free from unlawful government obstruction of justice, as secured by the First, Fifth, and Fourteenth Amendments to the U.S. Constitution, and as secured by Cal. Const. Art. 1, Sections 3, 7, and 28;

    d. The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

    e. The right to protection from bodily restraint, harm, or personal insult, as secured by Cal. Civil Code § 43.

58. Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiff's rights, Defendants violated Plaintiff's rights by the following conduct constituting threats, intimidation, or coercion:

    a. Threatening Plaintiff with violence, including conduct specifically defined as coercive in California Civil Code § 52.1(j), that is speech that "threatens violence against a specific person . . . and the person . . . against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat;

    b. Using excessive force against Plaintiff (*see, Chaudhry v. City of Los Angeles,* 751 F.3d 1096, 1105-06 (9th Cir. 2014));

    c. Using a very high level of force against Plaintiff sufficient to cause, and that did cause, severe and permanent injuries, in the absence of any threat posed by Plaintiff or other substantial governmental need for such force;

    d. Using multiple instances of force such that each use of force, and each baton strike, was a separate intimidating, threatening, and coercive use of force;

e. Handcuffing Plaintiff's crushed hands in an unnecessarily painful and punishing matter while he was totally disabled from Defendants' use of severely injurious force;

f. Stealing Plaintiff's property for the purpose of silencing and/or bribing witnesses in order to obstruct Plaintiff's ability to redress Defendants' violation of rights;

g. Destroying evidence, creating false police reports, tampering with witnesses, and otherwise conspiring and acting to interfere with Plaintiff's rights to due process, to fairness and justice as a crime victim, and to petition the government and access the courts for justice and redress of civil rights violations.

h. Subjecting Plaintiff to multiple violations of rights (*see Bender v. Cnty. of Los Angeles*, 217 Cal. App. 4th 968 (2013)).

59. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions and law, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above at ¶¶ 46-48, including punitive damages against Defendant law enforcement officers in their individual capacities, and all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to three times actual damages, costs, attorneys' fees, and civil penalties. For this claim, the Defendant ALAMEDA COUNTY is vicariously liable for the conduct of its employees and agents pursuant to Cal. Gov. Code § 815.2. Plaintiff does not seek punitive damages against Defendant ALAMEDA COUNTY.

**COUNT FOUR**
**-- NEGLIGENCE; PERSONAL INJURIES --**
**PLAINTIFF AGAINST ALL DEFENDANTS**

60. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

61. At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

62. At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

63.     These general duties of reasonable care and due care owed to Plaintiff by all Defendants include but are not limited to the following specific obligations:

        a.     to refrain from using excessive and/or unreasonable force against Plaintiffs;

        b.     to refrain from abusing their authority granted them by law;

        c.     to use generally accepted police procedures and tactics that are reasonable and necessary under the circumstances;

        d.     to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

64.     Additionally, these general duties of reasonable care and due care owed to Plaintiff by Defendants AHERN, DOES 1-10, and ALAMEDA COUNTY (through its employees and agents) include but are not limited to the following specific obligations:

        a.     to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline ACSO employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

        b.     to make, enforce, and at all times act in conformance with policies and customs on behalf of the ACSO that are lawful and protective of individual rights, including Plaintiff's;

        c.     to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at ¶ 50, above.

65.     Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

66.     As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at ¶¶ 46-48 and punitive damages against all Defendant law enforcement officers under California law.  For this claim, Defendant ALAMEDA COUNTY is vicariously liable for the conduct of its employees and agents pursuant to Cal. Gov. Code § 815.2.  Plaintiff does not seek punitive damages against Defendant ALAMEDA COUNTY.

**COUNT FIVE**
**-- ASSAULT AND BATTERY --**
**ALL PLAINTIFFS AGAINST DEFENDANTS WIEBER, SANTAMARIA, OSBORNE, MALIZIA, MILLER, SHELTON, GRIFFITH, SERGEANT TAYLOR, DOES 1-10 AND ALAMEDA COUNTY**

67.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

68.     Defendants WIEBER, SANTAMARIA, OSBORNE, MALIZIA, MILLER, SHELTON, GRIFFITH, SERGEANT TAYLOR, and DOES 1-10 offensively touched Plaintiff, without lawful right or necessity, while Plaintiffs was behaving lawfully.  The conduct of Defendants as described herein constitutes assault and battery.

69.     The actions and omissions, customs, policies, and representations of Defendants, as described above, were intentional and reckless, harmful, threatening, and/or offensive, and a proximate cause of Plaintiff's damages.

70.     As a direct and proximate result of these Defendants' assault and battery, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 46-48, and punitive damages against Defendant law enforcement officers under California law.  For this claim, Defendant ALAMEDA COUNTY is vicariously liable for the conduct of its employees and agents pursuant to Cal. Gov. Code § 815.2.  Plaintiff does not seek punitive damages against Defendant ALAMEDA COUNTY.

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

    a.      compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

    b.      punitive damages under 42 U.S.C. §1983 and California law in an amount according to proof and which is fair, just, and reasonable (punitive damages are not sought against Alameda County);

    c.      all other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983, and 1988; Cal. Code Civ. Proc. § 1021.5, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

    d.      Injunctive relief, including but not limited to the following:

        i.      an order prohibiting Defendants ALAMEDA COUNTY and its SHERIFF from engaging in the unconstitutional customs, policies, practices, procedures, training and supervision as may be determined and/or adjudged by this case;

        ii.      an order prohibiting Defendants and their law enforcement officers from engaging in the "code of silence" as may be supported by the evidence in this case;

    e.      such other and further relief as this Court may deem appropriate.

*Plaintiff hereby requests a trial by jury.*

DATED: August 1, 2016               HADDAD & SHERWIN LLP

                                */s/  Michael J. Haddad*
                                Michael J. Haddad
                                Attorneys for Plaintiff