UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **STANISLAV PETROV**,<br>Plaintiff,<br>v.<br>**ALAMEDA COUNTY, ET AL.**,<br>Defendants. | Case No. 16-cv-04323-YGR<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO STAY**<br>Re: Dkt. No. 24 |

Plaintiff brings this action against defendants Alameda County, Sheriff Ahern in his supervisory capacity (the "County Defendants"), and several individual officers[1] alleging, among others, that such officers used excessive force in detaining and arresting plaintiff. (Dkt. No. 1, "Compl.") Specifically, plaintiff raises the following causes of action: (i) violation of 42 U.S.C. section 1983 against seven Individual Defendants; (ii) *Monell* and supervisory liability pursuant to 42 U.S.C. section 1983 against the County Defendants; (iii) violation of California Civil Code section 52.1 against all defendants; (iv) negligence for personal injuries against all defendants; (v) and assault and battery against the Individual Defendants and Alameda County.

Currently, before the Court is County Defendants Motion to Stay pending the completion of criminal proceedings relating to defendants Wieber and Santamaria, which involve the same incidents and events alleged in the instant action. (Dkt. No. 24.)[2] Having carefully reviewed and

---

[1] Specifically, plaintiff brings this action against the following individual officers: (i) P. Wieber; (ii) L. Santamaria; (ii) S. Osborne; (iii) J. Malizia; (iv) J. Miller; (v) D. Shelton; (vi) R. Griffith; and (vii) D. Taylor (collectively, the "Individual Defendants").

[2] Defendants Wieber, Santamaria, Osborne, Miller, Shelton, and Taylor have all joined County Defendants' motion to stay. (Dkt. Nos. 25–27, 29–30.) Defendants Griffith and Malizia filed a Notice of Non-Opposition to County Defendants' motion. (Dkt. No. 31.) No defendant opposes County Defendants' motion to stay.

considered the pleadings and the papers submitted by the parties on this motion, and for the reasons set forth more fully below, the Court hereby **GRANTS IN PART** County Defendants' motion and **STAYS** only all discovery and Rule 26 disclosures as to defendants Wieber and Santamaria.[3]

## I.     BACKGROUND

Plaintiff's claims in this action relate to an encounter between plaintiff and the Individual Defendants on November 12, 2015.  On November 12, 2015, defendants Osborne and Sterling attempted to detain and arrest plaintiff based on a report that the car in which plaintiff was parked was stolen.  (Compl. ¶ 24.)  Plaintiff fled, and defendant Osborne initiated pursuit and was later joined by other officers, including defendants Wieber, Santamaria, Malizia, Miller, Shelton, Griffith, and Taylor.  (*Id.*)  The pursuit continued over the Bay Bridge into San Francisco, until plaintiff eventually stopped his car in an alley near 1441 Stevenson Street and allegedly surrendered to defendants Santamaria and Wieber.  (*Id.* at ¶ 25.)

Instead of arresting plaintiff, defendants Santamaria and Wieber allegedly "began to viciously beat [p]laintiff with steel batons on his head, neck, back, hands, and elsewhere on his body." (*Id.* at ¶ 26.)  After arriving at the scene, defendants Osborne, Malizia, Miller, Shelton, Griffith, and Taylor allegedly "joined in unjustified uses of force" against plaintiff.  (*Id.* at ¶ 27.)  Plaintiff also alleges his personal property, specifically a gold chain with a pendant and cash, were seized but not booked into evidence. (*Id.* at ¶ 31.)  Plaintiff contends that such property was given to certain bystanders to buy their silence.  (*Id.*)  Additionally, plaintiff alleges that the deputies congratulated each other and took a "trophy photo" of him, which plaintiff claims is an "unconstitutional custom and practice" within the Alameda County Sherriff's Office.  (*Id.* at ¶¶ 28–29.)

---

[3] In connection with their motion to stay, County Defendants have also filed a Request for Judicial Notice ("RJN") of the following documents:  (1) Exhibit A, Certified Copy of Felony Complaint Arrest Warrant against Santamaria and Wieber; and (2) Exhibit B, Wieber's Answer to the Complaint in the instant action.  (Dkt. No. 24-3.)  County Defendants argue that such documents are noticeable under Federal Rule of Evidence 201 because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" and because they are "matters of public record."  Fed. R. Evid. 201; *see also United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003).  No party opposes.  Thus, the Court **GRANTS** County Defendants' request for judicial notice of Exhibits A and B to their RJN.

1   Further, plaintiff alleges that between November 12 and November 16, 2015, in light of the
2   media attention to a surveillance video which recorded the incident at issue, a supervisor in the
3   Sherriff's Office ordered defendants Wieber and Santamaria to destroy their original reports and
4   write new reports with "materially different facts" to "cover up their misconduct and unlawful
5   actions in this matter." (*Id*. at ¶ 34.) Plaintiff claims that such practice was "very common" in the
6   Sherriff's Office. (*Id.*)

7   On May 25, 2016, a felony complaint was filed against defendants Wieber and Santamaria
8   in the City and County of San Francisco charging them with violations of California Penal Code
9   section 149 (assault by officer under color of authority), section 243(d) (battery with serious
10  bodily injury), and section 245(a)(1) (assault with deadly weapon), for actions related to the very
11  incident plaintiff alleges occurred on November 12, 2015. (RJN Ex. A.) County Defendants have
12  moved to stay the instant action, pending the completion of such criminal proceedings against
13  defendants Wieber and Santamaria.

## II.   LEGAL STANDARD

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995), *cert. denied*, 516 U.S. 827 (1995). Parallel civil and criminal proceedings are unobjectionable under Ninth Circuit precedent unless such proceedings substantially prejudice the rights of the parties involved. *Id*. "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" *Id*. (quoting *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). The party proposing a stay bears the burden of proving that a stay is warranted. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

In deciding whether to grant a motion to stay civil proceedings in favor of parallel criminal proceedings, courts in the Ninth Circuit must consider the "extent to which the defendant's [F]ifth [A]mendment rights are implicated." *Keating*, 45 F.3d at 324. In addition, *Keating* instructs that courts should consider the following five factors: (1) the interest of the plaintiff in proceeding expeditiously with the litigation, and the possibility that plaintiffs would be prejudiced by a delay;

3

1    (2) the burden which the proceedings may impose on defendants; (3) the convenience of the court

2    and the efficient use of judicial resources; (4) the interests of persons not parties to the civil

3    litigation; and (5) the interest of the public in the civil and criminal litigations.  *Id*. at 324–25.

4          A district court is vested with the discretion to stay an action based on its inherent

5    authority to control its own docket.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Although

6    there is no requirement that a court stay a civil action pending the outcome of a related criminal

7    proceeding, a court may choose to do so "when the interests of justice seem[] to require such

8    action."  *Keating*, 45 F.3d at 324 (internal quotation and citation omitted) (alteration in original).

9    **III.     DISCUSSION**

10         County Defendants argue that (a) the implication of Fifth Amendment concerns warrant

11   the exercise of the Court's authority to stay proceedings and (b) the remaining *Keating* factors also

12   weigh in favor of a stay.

13         **A.     Implication of Fifth Amendment Rights**

14         "A defendant has no absolute right not to be forced to choose between testifying in a civil

15   matter and asserting his Fifth Amendment privilege."  *Keating*, 45 F.3d at 326.  "[T]he strongest

16   case for deferring civil proceedings until after completion of criminal proceedings is where a party

17   under indictment for a serious offense is required to defend a civil or administrative action

18   involving the same matter."  *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375–76 (D.C. Cir.

19   1980) (noting that a stay would be appropriate where the civil proceeding entirely or significantly

20   intersects with the criminal proceeding); *see also Roberts v. Brown*, No. 13-CV-7461-ODW, 2014

21   WL 3503094, at *2 (C.D. Cal. July 14, 2014) ("[T]here is a strong case in favor of a stay after a

22   grand jury returns a criminal indictment and where there is a large degree of overlap between the

23   facts involved in both cases."); *cf. Molinaro*, 889 F.2d at 903 ("The case for staying civil

24   proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment

25   privilege is threatened." (brackets and internal quotation marks omitted)).

26         The instant action presents a "strong case" for deferring civil proceedings to the extent it

27   impacts Santamaria's and Wieber's Fifth Amendment rights.  Here, a felony complaint has been

28   issued against defendants Santamaria and Wieber, and no party disputes that the factual allegations

4

in the felony complaint are essentially identical to the allegations in the instant complaint. (*Compare* Dkt. No. 1 (complaint) *with* Dkt. No. 24-3 (felony complaint).) Both involve the exact same incident on November 12, 2015, in which plaintiff alleges certain officers used excessive force against him, causing him serious bodily injury, stole his property, and attempted to obstruct justice by bribing eyewitnesses. *See Dresser*, 628 F.2d at 1375–76.

Notwithstanding, plaintiff contends that defendants have not demonstrated any substantial prejudice with respect to their Fifth Amendment rights because less drastic measures could be employed. For instance, plaintiff argues that in *O. Thronas, Inc. v. Blake*, No. 09-CV-00353-DAE, 2010 WL 931924, at *3 (D. Hawai'i Mar. 10, 2010), the court found that a stay of action was unnecessary because the individual defendants' rights could be protected "through less drastic means, such as asserting the privilege on a question by question basis and implementing protective orders." In *O. Thronas*, the court acknowledged that defendants' Fifth Amendment rights would be implicated because the potential criminal charges overlapped with the allegations in the civil complaint. *Id.* However, the court found that the defendants' arguments for a stay were "weak because no indictment" had been returned at the time of the motion. *Id.* This case is more analogous to the situation described in *Dresser* as a strong case for staying civil proceedings because an indictment has been returned for a serious offense, which is essentially the same as the basis for the civil complaint. *See Dresser*, 628 F.2d at 1375–76.[4]

Accordingly, the Court finds that Fifth Amendment concerns here are significant for Santamaria and Wieber, and, therefore, this factor weighs strongly in favor of granting a stay, at least as to them.

### B. Other *Keating* Factors

The extent to which the pending civil action implicates the Fifth Amendment privilege of a

---

[4] The other cases plaintiff cites in support of this proposition are equally distinguishable and therefore not persuasive. *See SEC v. Braslau*, No. 14-CV-1290-ODW, 2015 WL 9591482, at *3 (C.D. Cal. Dec. 29, 2015) (finding that Fifth Amendment rights were implicated but were outweighed by other factors because defendant had already been convicted and the possible retrial of his criminal case pending an appeal was "remote"); *Roberts*, 2014 WL 3503094, at *1 (finding the "only overlap between [the] action and the criminal cases is the gang-activity allegations").

defendant is a "significant factor," but is "only one consideration to be weighed against others." *Keating*, 45 F.3d at 324. As noted above, in the Ninth Circuit, courts must also consider the following: (1) the interest of the plaintiff in proceeding expeditiously with the litigation, and the possibility that plaintiffs would be prejudiced by a delay; (2) the burden which the proceedings may impose on defendants; (3) the convenience of the court and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the civil and criminal litigations. *Id*. at 324–25. "These inquiries are especially fact-specific, and courts' treatment and weighing of the factors varies widely." *McCormick v. Rexroth*, No. 09-CV-4188-JF, 2010 WL 934242, at *3 (N.D. Cal. Mar. 15, 2010).

### 1. Plaintiff's Interest

Courts have acknowledged that a plaintiff has an interest in having his case resolved speedily. *See SEC v. Loomis*, No. 10-CV-0458-KJM, 2013 WL 4543939, at *2 (E.D. Cal. Aug. 27, 2013). Courts have also found prejudice to a plaintiff where a stay of discovery might result in his inability to identify other potential defendants, or where a stay may impact his ability to locate and present favorable evidence. *See Gen. Elec. Co. v. Liang*, No. 13-CV-8670-DDP, 2014 WL 1089264, at *4 (C.D. Cal. Mar. 19, 2014); *Applied Materials, Inc. v. Semiconductor Spares, Inc.*, Nos. 95-CV-20129-RMW & 95-CV-20156-RMW, 1995 WL 261451, at *2 (N.D. Cal. Apr. 26, 1995).

Plaintiff argues that he has a strong interest in proceeding expeditiously and in obtaining a just and speedy resolution of his civil rights case. He claims that a stay on the instant civil proceedings would prejudice him because "[w]itnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end." *Applied Materials*, 1995 WL 261451, at *2 (citing *Sw. Marine, Inc. v. Triple A Machine Shop, Inc.,* 720 F. Supp. 805, 809 (N.D. Cal. 1989)). Specifically, plaintiff contends that two of the eyewitnesses here are homeless and may relocate and become untraceable before their testimony is preserved.

Defendants concede that plaintiff's interests in an expeditious resolution are "significant," but counter that any potential delay is reduced here as criminal charges have already been filed.

1   Additionally, defendants argue that the criminal proceeding will involve many of the same
2   witnesses presenting similar testimony, thus reducing the danger that any testimony will be lost as
3   a result of the stay. *See McCormick*, 2010 WL 934242, at *3 ("[T]he fact that the witnesses for
4   the two proceedings are likely to include many of the same people providing much of the same
5   testimony should reduce the danger that any testimony will be lost as a result of the stay.").[5] Such
6   an argument would only be persuasive if the criminal case progressed expeditiously. Here, the
7   record does not reflect the speed with which the officers' prosecution and trial is being pursued.

8   The Court agrees that the prejudice to plaintiffs caused by any potential delays could be
9   reduced here, given that criminal charges have already been filed and such proceedings would
10  involve essentially the same witnesses presenting similar testimony, as the court found in
11  *McCormick*. However, unlike *McCormick* where the criminal trial was set to begin within a few
12  weeks of the court's order on the motion to stay, no such trial has been scheduled in the criminal
13  proceedings at issue here. *Id.* at *3; *see also Blue Cross & Blue Shield of Alabama v. Unity
14  Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (noting that stays pending
15  criminal proceedings create a "danger of denying justice by delay") (internal quotation and
16  citation omitted). Thus, the Court finds that this factor favors plaintiff.

### 2. Burden on Defendants

18  The Court analyzes this factor with respect to the two indicted defendants, on the one hand,
19  and the remaining defendants, on the other. Courts have found that even when a defendant's Fifth
20  Amendment rights are implicated, this factor does not support granting a stay unless the defendant
21  can show other "compelling factors as described in *Keating*." *See Gen. Elec. Co.*, 2014 WL
22  1089264, at *5.

23  Plaintiff asserts that defendants Alameda County and Ahern have not identified any burden
24  these proceedings will impose on them. Additionally, plaintiff argues that the remaining
25  defendants merely joined in the County Defendants' motion and provided no independent bases

---

[5] Defendants also argue that plaintiff will not be prejudiced by a stay because plaintiff is currently in custody on unrelated charges. However, defendants do not explain why such a fact is relevant in analyzing whether any prejudice to plaintiff would result.

7

1  upon which the Court could find an undue burden resulting from a denial of a stay. By contrast,
2  the County Defendants argue that Santamaria's and Wieber's invocation of their Fifth Amendment
3  rights will impact the other defendants' ability to obtain potentially exculpatory and necessary
4  testimony from Santamaria and Wieber, prejudicing all other defendants in the civil action.
5  Additionally, defendants argue that even if Santamaria and Wieber invoke their Fifth Amendment
6  privilege in this proceeding, they will be forced to expose the basis of their defense to the criminal
7  charges and the scope of criminal discovery would thus be unfairly expanded beyond the limits of
8  Federal Rule of Criminal Procedure 16(b).

9  Although the Court finds that the burden on Santamaria and Wieber would be significant,
10 the burden as to the non-indicted defendants is no different than that of the plaintiff. Thus, while
11 the burden on the two indicted defendants weigh in favor of a stay, the burden on the remaining
12 seven defendants does not. The non-indicted defendants have not sufficiently demonstrated that
13 the denial of a stay as to them would create a significant and undue burden. *Clinton*, 520 U.S. at
14 708 ("The proponent of a stay bears the burden of establishing its need."). For instance, the
15 County Defendants averred that the Sherriff's Office's internal investigations are ongoing and are
16 unlikely to be completed until late 2016 or early 2017, yet offer no reasons why such investigation
17 could not proceed more expeditiously or why the investigation would require an indefinite stay.
18 (*See* Dkt. No. 24-2, Peterson Decl. ¶¶ 2–3.) Additionally, to the extent that any defendants have
19 specific privileges that may be asserted, such can be handled on an issue-by-issue basis. Where
20 less drastic means to protect defendants' rights exist, a complete stay of the proceedings is
21 inappropriate. *See Doe v. San Diego*, No. 12-CV-689-MMA, 2012 WL 6115663, at *2 (S.D. Cal.
22 Dec. 10, 2012) (noting that a stay of an action is not necessary if defendants "can be protected
23 through less drastic means"); *Roberts*, 2014 WL 3503094, at *2 (same); *Favaloro v. S/S Golden
24 Gate*, 687 F. Supp. 475, 482 (N.D. Cal. 1987) (finding denial of stay warranted where "less drastic
25 means" of protecting defendants' rights existed).

26 Thus, given the non-indicted defendants' failure to demonstrate sufficiently the burdens
27 they would face absent a stay, and in light of the existence of a less drastic remedy, the Court finds
28 that this factor weighs against granting a stay, at least as to the non-indicted defendants.

8

### 3. Judicial Convenience and Efficiency

With respect to this factor, courts consider "the convenience of the court in the management of its cases, and the efficient use of judicial resources." *SEC v. Alexander*, No. 10-CV-4535-LHK, 2010 WL 5388000, at *5 (N.D. Cal. Dec. 22, 2010) (citing *Keating*, 45 F.3d at 325). Courts have acknowledged that this *Keating* factor normally does not favor granting a stay, because the court has an interest in clearing its docket. *Molinaro*, 889 F.2d at 903. Defendants argue, however, that some courts have determined that staying a "parallel civil proceeding in its early stages may prove more efficient in the long-run" because disposition of the criminal action may "narrow the issues and streamline discovery in the civil proceeding." *Alexander*, 2010 WL 5388000, at *5 (finding that a stay may be more efficient where no defendant has answered and several defendants had not yet appeared); *see also Douglas v. United States*, Nos. 03-CV-4518-JW & 04-CV-5357-JW, 2006 WL 2038375, at *5 (N.D. Cal. July 17, 2006) (stating that permitting the criminal trial to proceed first may narrow the issues and streamline discovery in the civil proceeding); *Jones v. Conte*, No. 04-CV-5312-SI, 2005 WL 1287017, at *2 (N.D. Cal. Apr. 19, 2005) (finding that a stay would allow civil discovery to proceed unhindered by self–incrimination concerns).

Here, defendants have answered the complaint and have provided no measurable basis for how the criminal action would narrow the issues or streamline discovery. To the contrary, the ability to depose witnesses and preserve testimony sooner rather than later may assist in the parallel criminal trial where no such tools exist.

### 4. Interests of Third Parties

Next, courts consider "the interests of persons not parties to the civil litigation." *Keating*, 45 F.3d at 325. Plaintiff argues only that the eyewitnesses and physician witnesses in this case have an interest in completing their involvement in this matter and testifying while the incident is fresh in their minds. Plaintiff, however, provides no support for the proposition that the interests of potential witnesses are relevant with respect to this *Keating* factor. Rather, courts have found this factor salient in the *Keating* analysis where the third-parties at issue had a direct interest in the outcome of the litigation. *See, e.g.*, *Consumer Fin. Prot. Bureau v. Global Fin. Support, Inc.*, No.

9

15-CV-02440-GPC, 2016 WL 2868698, at *5 (S.D. Cal. May 17, 2016) (finding third-party interest relevant where defendants' ongoing scheme impacted thousands of consumers directly); *Alexander*, 2010 WL 5388000, at *6 (finding third-party interests where SEC enforcement may be able to "provide defrauded investors with a partial recovery of their losses" but ultimately finding that such interest did not outweigh defendant's interest in a stay). As such, the Court finds that this factor does not weigh against granting a stay.

### 5. Interests of the Public

With respect to the final *Keating* factor, courts consider "the interest of the public in the pending civil and criminal litigation." *Keating*, 45 F.3d at 325. Plaintiff argues that the public has a strong interest in civil and criminal cases like this one because the penalty imposed would serve as a deterrent for future misconduct by police officers. *Cf. Smith v. Wade,* 461 U.S. 30, 49 (1983). In addition, plaintiff asserts that proceeding with this civil case will best serve the interests of the public by "ensuring that aggrieved parties are made whole as rapidly as possible." *eBay, Inc. v. Digital Point Sols.*, No. 08-CV-4052-JF, 2010 WL 702463, at *6 (N.D. Cal. Feb. 25, 2010) (internal quotation and citation omitted).

However, as defendants argue, the public also has an interest in safeguarding the integrity of criminal proceedings. *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1072–73 (C.D. Cal. 2008) (finding in that case that the criminal proceedings were of primary importance to the public and to defendants, and the civil case, "which carries only civil sanctions and monetary penalties, is not of an equally pressing nature"); *see also Alexander*, 2010 WL 5388000, at *6 (finding that with respect to SEC civil and criminal enforcements, where criminal proceedings on the same matters had already commenced, the "public's interest in fair criminal proceedings" takes precedence).

The Court finds that whatever interests the public may have in deterring future misconduct by the police officers are also served by the criminal proceedings against defendants Santamaria and Wieber, which relate to the exact same alleged activities. Thus, although the Court acknowledges that the public has a strong interest the resolution of the pending civil action, such interest does not outweigh the public's interest in fair criminal proceedings, at least as to Santamaria and Wieber.

**IV.    CONCLUSION**

As the foregoing analysis reveals, strong factors weigh on both sides of the presented motion. Balancing those factors, the Court finds that a Partial Stay best preserves the myriad interests at hand. The Court will further review and refine the stay if necessary to accommodate the needs of the various interests. Accordingly, the Court **ORDERS** all discovery and Rule 26 disclosures as to defendants Wieber and Santamaria **STAYED**. Discovery and Rule 26 disclosures as to the remaining parties may proceed. Without further information, the Court will not set deadlines for motions and trial. The Court will reevaluate the propriety of a complete stay if any of the factors discussed herein changes materially.

The Court hereby **VACATES** the hearing on this motion currently set for November 8, 2016.

This Order terminates Docket Number 24.

**IT IS SO ORDERED**.

Dated: November 4, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

11